{¶ 192} Although I concur with the outcome of this case, I cannot concur with the majority's opinion as written. Therefore, I concur in judgment only.
 {¶ 193} The majority goes to great measures to assail the acceptability of the concept of "trial strategy" as it is treated inStrickland v. Washington (1984), 466 U.S. 668. The standard set forth inStrickland has been an enduring fixture in constitutional jurisprudence for nearly twenty-five years. Adopted by the Supreme Court of Ohio inState v. Bradley (1989), 42 Ohio St.3d 136, it has been the formal guidepost for analyzing claims for ineffective assistance of counsel in this state for nearly twenty years. Neither appellant nor appellee takes issue with the structural features, mechanics, or conceptual nuances of the Strickland test in this appeal. Despite the conspicuous absence of any such challenge, the majority finds it appropriate to use this opinion as a vehicle for airing its grievances regarding the workability and/or legitimacy of Strickland. I cannot support the majority's opportunistic method of addressing this issue. *Page 36 
 {¶ 194} It is well-established that an appellate court will not indulge itself in advisory opinions. Cascioli v. Cent. Mut. Ins.Co. (1983), 4 Ohio St.3d 179, 183. However, the majority's passing, incidental remarks pertaining to "trial strategy" are fundamentally unrelated to the outcome of the case and, therefore, must be characterized as advisory obiter dicta. A court rises above its station by gratuitously editorializing on an issue that has no impact on the controversy at hand. Particular disapprobation must attach to passing, inconsequential commentary related to a long-accepted principle developed by the United States Supreme Court and adopted by the highest court in our state. The majority's academic frustrations with the nuances of Strickland, while suitable for an op-ed or law review article, have no bearing on this case and, thus, have no place in this opinion. *Page 1